## LYNN v. RAMIREZ, Warden.
### Civ. No. 8635.

United States District Court
D. Puerto Rico, San Juan Division.
Sept. 29, 1953.

Conrad J. Lynn, New York City, Juan Hernandez Valle, San Juan, Puerto Rico, for petitioner.

RUIZ-NAZARIO, District Judge.

The petition in this case alleges, as the only illegality of the detention of the prisoner Mr. Pedro Albizu Campos, certain restrictions on his right to visits of counsel, as a result of regulations of the Attorney General of the Commonwealth of Puerto Rico. It is also stated that on the occasion of a visit to Mr. Albizu Campos by representatives of the Attorney General's office, accompanied by physicians and representatives of the press, both the Attorney General's office and the prison administration refused to grant prisoner's counsel permission to be present at the interview.

There is no averment that the actual confinement of Mr. Albizu Campos is illegal, and all that is averred is that while in said confinement he is not permitted to confer fully and freely with his counsel and that this amounts to an illegal detention.

There is no averment that Mr. Albizu. Campos, or anybody in his behalf has ever applied to the Courts of the Commonwealth of Puerto Rico for a writ of habeas corpus. Indeed, the petition states that no previous application has. been made for the relief herein sought. The Courts of the Commonwealth are open to the prisoner, who is represented by counsel. In Guadalupe v. Bravo, Warden, 71 P.R.R. 913, an original petition in the Supreme Court of Puerto Rico, a regulation with respect to visits by counsel was the ground alleged for issuance of the habeas corpus. The Court issued the writ, a hearing was held, the question of the presence of a jail employee while the prisoner was consulting counsel was considered, as well as whether visits could be restricted to only one attorney at a time; the court ordered the warden to permit joint visits by attorneys.

It is thus clear that the applicant herein, or Mr. Albizu Campos or anybody else in the latter's behalf can at any time apply to the tribunals of the Commonwealth for relief, as should have been done before applying here.

Section 2254, Title 28 U.S.C.A. states as follows:

"§ 2254. State custody; remedies in State courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the

applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. June 25, 1948, c. 646, 62 Stat. 967." See also Title 48 U.S.C.A. § 864.

The Court takes judicial notice of the fact that Mr. Albizu Campos is in custody pursuant to a judgment of a Court of the Commonwealth of Puerto Rico, as a result of his participation in the events of the month of October, 1950.[1]

It does not appear that the prisoner has exhausted the remedies available to him in the Courts of the Commonwealth of Puerto Rico, nor that there is an absence of such remedy, nor that it would be ineffective. Guadalupe v. Bravo, supra, demonstrates that he has complete and effective remedy therefor in the courts of the Commonwealth.

The court has been trying to contact petitioner, who is himself an attorney, and Juan Hernandez Valle, Esq., who appears to be counsel for petitioner as well as Francisco Hernandez Vargas, Esq., who is mentioned in the petition as one of the attorneys for Mr. Albizu Campos, to invite them or any of them for a conference at Chambers where they could have had the opportunity of citing any cases or authorities in support of the petition herein. All efforts of the Court in this respect have been futile. Mr. Hernandez Valle's office informed the Court that both he and the petitioner here, Mr. Conrad J. Lynn, are not at present in Puerto Rico. Mr. Hernandez Vargas informed the Court that

he had nothing to do with these proceedings.

As it is a mandate of the law that petitions of this kind be acted upon promptly, the Judge in the absence of any cooperation from petitioner and counsel, has thoroughly canvassed the law and the authorities to reach the above conclusions.

The application is denied.

---

1. The events of the latter part of said month are so notorious, that it would be futile to require proof of Mr. Albizu Campos' arrest, trial, and conviction.